Milton A. Wiltse, J.
The above-named defendant appeals from a judgment of conviction, after trial before the Honorable Howard Splete, Police Justice of the Village of Carthage, Jefferson County, New York.
Such conviction was based on an information charging violation of section 2a of the village ordinance. In substance, said section appears to be one relating to speed in certain sections of said village.
The return filed pursuant to the notice of appeal and affidavit on appeal contains no transcript of any testimony or proceedings in the case. And it is conceded by all parties that no record was taken.
Except under unusual circumstances, the return is conclusive in this type of proceeding. But where no record has been taken, or submitted, there is nothing upon which any reviewing court may properly decide the matters claimed to be in issue. The courts of this State, in many determinations, it is believed, and all of them a great deal more competent than this court, have arrived at such conclusions.
Therefore, for that reason alone, it appears that the conviction should be reversed.
In passing, it might be remarked, that if the return and affidavit on appeal, and the recommendation of the District Attorney to the effect that he joins in the belief that the law of this matter requires a reversal, could all be construed together as a return containing proceedings upon the trial, that a reversal would be required. The papers aforesaid indicate that there was no testimony to prove that the violation charged was committed, other than an alleged admission or confession. (Code Crim. Pro., § 395.) There was neither sufficient proof of the corpus delicti, nor of the other matters necessitating ‘ ‘ corroboration ’ ’ of the admission or confession.
The District Attorney, if same could be considered as part of the return, has asked reversal on that ground, and states also that same is a requisite because the return is not accompanied by any record of the proceeding, and none was taken. There is nothing to indicate, even if the above papers could be considered as a return, that any provisions of section 395 of the Code of Criminal Procedure aforesaid, have been complied with. It should be stated that the District Attorney was not present at any stage of this proceeding, and had no knowledge of same until the present appeal.
Even though the case under consideration has been held to be an “offense”, “ infraction ”, or “violation”, the same fundamental rules apply as do to the commission of a crime; *961 all essential elements have to be proved beyond a reasonable doubt. That was not accomplished here.
These remarks are really “ surplusage ”, since the reversal must be had in the absence of any record of any nature before the court, as to any proper proceedings upon the trial.
Based upon each and every of the foregoing matters, the judgment of conviction is reversed, the fine remitted, the defendant discharged and the sureties exonerated.